UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KATHLEEN FINN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| CUP4CUP, LLC and FRENCH LAUNDRY RESTAURANT CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Cup4Cup, LLC ("Cup4Cup") and French Laundry Restaurant Corporation hereby notice the removal of this action from the Superior Court of the State of Maine for Cumberland County (the "State Court") to the United States District Court for the District of Maine. In support of this Notice of Removal, Defendants state as follows:

## STATE COURT ACTION

1. On or about September 16, 2022, Plaintiff Kathleen Finn ("Plaintiff") commenced an action in the State of Maine, Cumberland County Superior Court, by filing a Complaint and Demand for Jury Trial captioned *Kathleen Finn v. Cup 4 Cup, LLC; Restaurants By Thomas Keller, LLC d/b/a Thomas Keller Restaurant Group*, Docket No. CV-22-303 (the "State Court Action"). *See* Complaint at **Exhibit A**. This action (the "State Court Action") is now pending in the State Court.

2. On or about September 29, 2022, Plaintiff served Cup4Cup with the Complaint and Summons in the State Court Action via service by a California sheriff or marshall. *See* Complaint at **Exhibit A**; Summons at **Exhibit B**; Proof of Service of Summons at **Exhibit C**.

3. On or about September 29, 2022, Plaintiff served RTK with the Complaint and Summons in the State Court Action via service by a Delaware deputy sheriff. *See* Affidavit of Service at **Exhibit D**.

4. On October 11, 2022, Defendants moved to enlarge the time to answer or otherwise respond to the Complaint until December 12, 2022. *See* Motion to Enlarge at **Exhibit E.** On October 18, 2022, the State Court granted the motion. *See* Order at **Exhibit F**.

5. On October 27, 2022, Plaintiff voluntarily dismissed RTK from the State Court Action. *See* Notice of Voluntary Dismissal at **Exhibit G**.

6. On October 27, 2022, Plaintiff filed a First Amended Complaint and Demand for Jury Trial ("Amended Complaint") in the State Court Action naming two defendants, Cup4Cup and French Laundry Restaurant Corporation. As no responsive pleading had been served, leave to amend was not required. *See* Amended Complaint at **Exhibit H.**

7. On October 27, 2022, French Laundry Restaurant Corporation, by and through its attorney, acknowledged service of the Amended Complaint pursuant to Me. R. Civ. P. 4(c)(1), and Plaintiff filed the acknowledgement of service in the State Court Action. *See* Acknowledgement of Waiver of Service at **Exhibit I**.

8. The documents attached as **Exhibits A-I** constitute all "process, pleadings and orders" served upon Defendants in the State Court Action pursuant to 28 U.S.C. § 1446(a). A certified copy of the State Court record has been requested and will be filed with this Court upon receipt.

## TIMELINESS OF REMOVAL

9. This Notice of Removal is timely filed within thirty days after Defendants were served with the Summons and Complaint in the State Court Action, as required by 28 U.S.C. §

1446(b)(1). *See* 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999); *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529-530 (7th Cir. 2004).

10. This Notice of Removal is also filed within one year of the commencement of the State Court Action and is therefore timely under 28 U.S.C. § 1446(c)(1).

## BASIS FOR FEDERAL JURISDICTION

11. Removal is proper based on this Court's original diversity jurisdiction pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter when the dispute is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id*. As explained below, both requirements are met.

### DIVERSITY OF CITIZENSHIP OF THE PARTIES

12. Plaintiff is an individual, and in her Complaint and Amended Complaint, she alleges that she is a resident of Portland, Cumberland County, Maine. *See* **Exhibits A and H** at ¶ 1.

13. Plaintiff alleges, and Cup4Cup agrees, that Cup4Cup is a California limited liability corporation. *See* **Exhibits A and H** at ¶ 2; Declaration of Tony Lopez, **Exhibit J** at ¶ 2. For the purposes of diversity jurisdiction, an unincorporated association, such as a limited liability corporation, has no independent legal status, such that every member must be considered as a party for purposes of determining diversity. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (involving a limited partnership). Under this established doctrine, the citizenship of a limited liability company "is determined by the citizenship of all of its members." *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006).

14. The sole member of Cup4Cup is Defendant French Laundry Restaurant Corporation. *See* **Exhibit J** at ¶ 3.

15. Plaintiff alleges, and French Laundry Restaurant Corporation agrees, that French Laundry Restaurant Corporation is a California Corporation with its principal place of business at 6540 Washington Street, Yountville, CA 94599. *See* **Exhibit H** at ¶ 3; **Exhibit J** at ¶ 3. For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." See 28 U.S.C. § 1332(c)(1). Accordingly, French Laundry Corporation is a citizen of California. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010) (describing test for corporate citizenship).

16. Because its sole member is a citizen of California, Cup4Cup is also a citizen of California. *See Pramco*, 435 F.3d at 54.

17. The other defendant that was originally named in the State Court Action, Restaurants by Thomas Keller, LLC, is a Delaware limited liability corporation. *See* **Exhibit A** at ¶ 3; **Exhibit J** at ¶ 4. Upon information and belief, its sole member is a citizen of California. **Exhibit J** at ¶ 5. Therefore, on information and belief, RTK is not a citizen of Maine and is a citizen of California.

18. The citizenship of RTK is irrelevant to determining the existence of diversity jurisdiction in this action. As a general rule, "[a] petition for removal predicated on diversity of citizenship 'should show that there was diversity . . . at the time of the commencement of the state action and . . . at the time of the removal petition.'" *Kingman v. Sears, Roebuck and Co.*, 526 F. Supp. 1182, 1184 (D. Me. 1981) (quoting 1A (Pt. 1) Moore's Federal Practice ¶ 0.168[3.-4], at 460, and citing 14 Wright, Miller Cooper, Federal Practice and Procedure: Jurisdiction §

3733, at 732). But an exception to this rule applies where a non-diverse defendant is voluntarily dismissed from the state court action by the plaintiff, and the plaintiff files an amended complaint which demonstrates that the action is removable. *See* 26 U.S.C. § 1446(b)(3); 15A Moore's Federal Practice - Civil § 102.21[1] (2022) (citing cases); 14C Fed. Prac. & Proc. (Wright & Miller) Juris. § 3723 (Rev. 4th ed.) ("Federal courts generally hold that when a plaintiff voluntarily drops from the state-court action a party whose presence would defeat diversity, the case becomes removable even though diversity of citizenship did not exist when the state-court action was commenced."). Therefore, even if RTK were a citizen of Maine and thus defeated diversity at the time the State Court Action was commenced, Plaintiff's voluntary dismissal of RTK from the State Court Action, coupled with Plaintiff's filing of the Amended Complaint, makes this action removable and renders any question about RTK's citizenship irrelevant.

19. Complete diversity exists as Plaintiff and Defendants Cup4Cup and French Laundry Restaurant Corporation are citizens of different states. Diversity of citizenship existed between the parties at the time Plaintiff's Complaint was filed and continues to exist at the time of filing this Notice of Removal. Even if diversity of citizenship had not existed between the parties at the time Plaintiff's Complaint was filed, diversity of citizenship exists at the time of filing this Notice of Removal.

### AMOUNT IN CONTROVERSY

20. The matter in controversy in the State Court Action exceeds the sum or value of $75,000, as required by 28 U.S.C. § 1332(a).[1] "In assessing the amount in controversy, the Court

---

[1] Defendants do not concede that Plaintiff's allegations are true or that her claims have any merit. Defendants cite Plaintiff's allegations only to demonstrate that the amount in controversy, based

considers the litigation value of the case, an amount arrived at by drawing all reasonable inferences in favor of Plaintiff's complaint." *Finley v. George Weston Bakeries Distribution, Inc.*, 473 F. Supp. 2d 105, 106 (D. Me. 2007).

21. Plaintiff alleges that Cup4Cup wrongfully withheld approximately $30,000.00 in earned bonuses in each of the years 2020 and 2021, as well as $15,750.00 in an earned bonus in 2022; less $3,137.00 she was paid; for a total amount of $72,613.00 that she alleges she should have been paid in bonuses in 2020-2022. *See* **Exhibit H** at ¶¶ 11, 13. Plaintiff also alleges that she was not paid any part of her annual salary of $94,500.00 for work she performed during the period of March 20 – June 1, 2020. Her claim for this 10-week period, based on her annual salary at the time, would total approximately $18,173.08 ($94,500/52 weeks x 10 weeks). *See id.* at ¶¶ 7, 9. Plaintiff seeks to recover these amounts as alleged unpaid wages. *See id.* at ¶¶ 20, 25, 32, 36. Therefore, Plaintiff's total alleged unpaid wages total approximately $90,786.08.

22. Plaintiff also seeks reasonable attorneys' fees. *See id.* at p. 6, ¶ (h). The Court may properly consider attorneys' fees in estimating whether the amount in controversy exceeds the jurisdictional threshold if fees are available by statute should Plaintiff ultimately prevail. *Raymond v. Lane Const. Corp.*, 527 F. Supp. 2d 156, 159 (D. Me. 2007), *quoting Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001). Plaintiff seeks recovery pursuant, in part, to 26 M.R.S.A § 626-A, which provides for an award of reasonable attorneys' fees. *See id.* ¶ 20.

23. Based on the approximately $90,786.08 in alleged unpaid wages and the availability by statute of an award of attorneys' fees should Plaintiff ultimately prevail, it is more likely than not that the amount in controversy in this action exceeds $75,000.00, exclusive of

---

on the Complaint and Amended Complaint and the relief sought therein, taken as true, exceeds the $75,000 jurisdictional requirement.

interest and costs. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

24. Therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

## VENUE

25. Venue is proper in the United States District Court for the District of Maine, Portland Division, as this case was originally filed in the Superior Court of the State of Maine for Cumberland County, which lies within this District. *See* 28 U.S.C. §§ 1441(a) & 1446(a).

## PLAINTIFF AND STATE COURT TO BE NOTIFIED

26. Upon filing this Notice of Removal, Defendants gave written notice thereof to Plaintiff's counsel, Sally Morris, Esq. and Jennifer Rhode, Esq., pursuant to 28 U.S.C. § 1446(d).

27. Defendants are, this day, submitting a copy of this Notice of Removal for filing with the Clerk of the Superior Court of the State of Maine for Cumberland County, pursuant to 28 U.S.C. § 1446(d).

## RELIEF REQUESTED

28. Defendants request that the United States District Court for the District of Maine assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

WHEREFORE, Defendants respectfully request that this action proceed as an action properly removed from the Superior Court of the State of Maine for Cumberland County, to the United States District Court for the District of Maine.

Dated: October 28, 2022                Respectfully submitted,

*/s/ Valerie A. Wright*
Valerie A. Wright (Bar No. 9166)
LITTLER MENDELSON, P.C.
One Monument Square, Suite 600
Portland, ME 04101
Phone: (207) 699-1116
vwright@littler.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I, Valerie A. Wright, hereby certify that I electronically filed the foregoing document using the CM/ECF system on the date noted below, which will send notification of such filing to the following:

Sally A. Morris, Esquire
Jennifer H. Rhode, Esquire
Six City Center, Suite 300
Portland, ME 04101
207-558-6161
smorris@morrisemploymentlaw.com
jenrohde6@outlook.com

Dated:  October 28, 2022                           Respectfully submitted,

*/s/ Valerie A. Wright*
Valerie A. Wright (Bar No. 9166)
LITTLER MENDELSON, P.C.
One Monument Square, Suite 600
Portland, ME 04101
Phone:  (207) 699-1116
vwright@littler.com

*Attorney for Defendants*