

EXHIBIT H

*Sally Morris*
*Admitted in ME & MA*

*Jennifer Rohde*
*Admitted in ME*

October 27, 2022

Shelley Sawyer, Clerk
Cumberland County Superior Court
205 Newbury Street
Portland, ME 04101

      Re:    Kathleen Finn v. Cup4Cup, LLC and Restaurants By Thomas Keller, LLC d/b/a Thomas Keller Restaurant Group; Superior Court Docket No. 22-CV-303

Dear Ms. Sawyer:

Enclosed for filing in the above matter please find:

1. Notice of Voluntary Dismissal of Defendant Restaurants By Thomas Keller, LLC d/b/a Thomas Keller Restaurant Group;
2. First Amended Complaint filed pursuant to Me. R. Civ. P. 15(a) prior to a responsive pleading being filed; and
3. Acknowledgement of Service of French Laundry Restaurant Corporation.

Thank you for your attention in this regard.

Sincerely,

Sally Morris

cc:    Valerie Wright, Esquire (by email)

Six City Center, Suite 300, Portland, ME 04101 • T: 207.558.6161
smorris@morrisemploymentlaw.com
www.morrisemploymentlaw.com

| | |
|---|---|
| STATE OF MAINE<br>CUMBERLAND, ss | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO.:22-303 |

KATHLEEN FINN,  )
  )
  Plaintiff,  )
  )
  v.  )
  )
CUP 4 CUP, LLC;  )
FRENCH LAUNDRY RESTAURANT  )
CORPORATION d/b/a  )
THOMAS KELLER RESTAURANT  )
GROUP,  )
  )
  Defendants.  )
  )

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, Kathleen Finn ("Plaintiff" or "Ms. Finn"), and hereby complains against Cup 4 Cup, LLC ("C4C") and French Laundry Restaurant Corp, d/b/a Thomas Keller Restaurant Group ("TKRG") (together referred to as "the Defendants" or "the Company") as follows:

**The Parties**

1. Plaintiff, Kathleen Finn is an individual residing in Portland, Cumberland County, Maine.

2. Defendant, Cup 4 Cup, LLC is a California Limited Liability Corporation with a business address of 840 Latour Court, Suite B, Napa, California 94558.

3. French Laundry Restaurant Corporation is a California Corporation doing business as Thomas Keller Restaurant Group with a principal place of business of 6540 Washington Street, Yountville, California 94599. Thomas Keller Restaurant Group is a collection of related entities in the food and hospitality industry.

1

4.  Defendant Cup 4 Cup, LLC employed Plaintiff in the State of Maine as a Sales Director.

5.  TKRG and C4C share employees, human resources functions, marketing and operations personnel. TKRG and C4C transfer funds between each other and share management functions with each other. TKRG and C4C were the joint employer of Plaintiff Finn.

## Background Facts

6.  Ms. Finn was hired as a Sales Manager for the Defendant on or about April 1, 2018 at a salary of $90,000.00.

7.  On or about May 29, 2019, Ms. Finn's salary was increased to $94,500.

8.  In March 2020, when the COVID Pandemic struck the country, Ms. Finn was told she was furloughed from work and Defendant stopped paying her.

9.  Nonetheless, The Company continued to engage the services of Ms. Finn and accepted her ongoing work on behalf of The Company without paying her. The Company knew Ms. Finn continued to work because her customers were grocery stores, which remained open during pandemic shut downs. Ms. Finn attended buyer meetings, closed sales, coordinated with with Canadian and United States brokers and ensured promotions were submitted on time. Ms. Finn spoke with her boss and others in management on a daily and weekly basis. She worked to keep the momentum of her sales work moving forward. The Company failed to pay Ms. Finn for her work from March 20, 2020 through June 1, 2020.

10. On June 1, 2020, the Company sent Ms. Finn a letter stating that she was being called back to work on that date and would be paid $94,500.00 as a salary.

11. On November 16, 2020. Ms. Finn was promoted to National Sales Director and her salary was increased to $120,000.00. At that time, Ms. Finn was told that she was also

eligible to participate in an annual Bonus Program which entitled her up to an additional twenty-five percent (25%) of her base salary, or $30,000.00 distributed both quarterly and annually.

12. Ms. Finn met all performance measures required by the bonus program during the relevant period.

13. Accordingly, Ms. Finn should have been paid $30,000.00 in bonus in 2020 and in 2021. Additionally, she should have been paid $15, 750.00 bonus for the first two quarters of 2022. However, during that time she was paid only one bonus payment for the first quarter of 2021 in the amount of $3,137.00. She was not paid any bonuses beyond this.

14. Ms. Finn repeatedly demanded her bonus payments that she had earned pursuant to the bonus program but Defendants refused despite the fact that there was no documented personnel action indicating that she did not meet the criteria for the program.

15. After repeatedly demanding her bonus, Ms. Finn was terminated on July 13, 2022.

## Count I: Violation of Maine Unpaid Wages Statute
### 26 M.R.S.A. § 626 and § 626-A (Salary and Bonus)

16. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1-15 of this Complaint as if fully set forth herein.

17. Plaintiff worked without pay from March 20, 2020 through June 4, 2020.

18. Plaintiff met all of her metrics to receive her Executive Leadership Bonus but was not paid her earned bonuses.

19. Plaintiff has demanded her unpaid wages and earned bonus but Defendant has refused to pay.

20. Plaintiff is entitled to recover her wages, bonus, liquidated damages of twice the amount of wages, plus interest cost and attorneys' fees.

## Count II: Violation of Unfair Agreements

**26 M.R.S.A. § 629** (Salary and Bonus)

21. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1-20 of this Complaint as if fully set forth herein.

22. Plaintiff worked without pay from March 20, 2020 through June 4, 2020.

23. Plaintiff met all of her metrics to receive her Executive Leadership Bonus but has not received amounts due to her.

24. Defendant required or permitted Plaintiff to work without monetary compensation.

25. Plaintiff is entitled to recover her wages, bonus, liquidated damages of twice the amount of wages, plus interest cost and attorneys' fees.

**Count III: Breach of Contract** (Salary and Bonus)

26. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1-25 of this Complaint as if fully set forth herein.

27. Plaintiff's employment agreement with Defendant was to perform work in exchange for payment.

28. Plaintiff worked without pay from March 20, 2020 through June 4, 2020.

29. Plaintiff met all of her metrics to receive her Executive Leadership Bonus but has not received $20,000 of her earned bonus.

30. Plaintiff performed her contractual obligations to Defendant through carrying out the duties of her position.

31. Defendant failed to compensate Plaintiff for her performance, thereby breaching the Parties' employment contractual agreement.

32. Plaintiff is entitled to recover her wages, bonus, liquidated damages of twice the amount of wages, plus interest cost and attorneys' fees.

### Count IV: Violation of Timely and Full Payment of Wages
### 26 M.R.S.A. § 621-A (Salary)

33. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1-32 of this Complaint as if fully set forth herein.

34. Plaintiff was not paid her full wages earned at regular intervals not to exceed 16 days from March 20, 2020 through June 4, 2020.

35. Defendant has failed to make timely and full payment of wages to Plaintiff.

36. Plaintiff is entitled to recover her wages, liquidated damages of twice the amount of wages, plus interest cost and attorneys' fees.

WHEREFORE, Plaintiff requests that this Court grant the following relief:

(a) enter judgment in her favor;

(b) award Plaintiff her lost wages and bonus payments that she should have been paid;

(c) declare the conduct engaged in by Defendants to be in violation of Plaintiff's rights;

(d) award compensatory and punitive damages in an amount to be determined at trial and prejudgment interest thereon;

(e) award Plaintiff treble damages;

(f) award Plaintiff nominal damages;

(g) award Plaintiff prejudgment interest;

(h) award Plaintiff her full costs, including reasonable attorneys' fees, expert fees and costs; and

(i) award such further relief as is deemed appropriate.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE

Dated: October 26, 2022

_/s/ Sally A. Morris_
Sally A. Morris, Esq. Bar No. 8479
Jennifer H. Rohde, Bar No. 8694
Attorneys for Kathleen Finn
Sally A. Morris, Attorney at Law
Six City Center, Suite 300
Portland, ME 04101
(207) 558-6161
smorris@morrisemploymentlaw.com
jenrohde6@outlook.com